

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1776 | **DATE** | 6/27/2003 |
| **CASE TITLE** | Andrew S. Grumhaus et al. Vs. Comerica Securities, Inc. etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiffs' motion to strike is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | 99 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 JUN 27 AM 9: 12 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW S. GRUMHAUS and )
LESLIE GRUMHAUS DAVIDSON, )
)
        Plaintiff, )
)
vs. ) No. 99 C 1776
)
COMERICA SECURITIES, INC., as )
successor-in-interest to Comerica Financial )
Services, Inc., )
)
        Defendant. )

DOCKETED JUN 3 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrew S. Grumhaus (Andrew) and his sister, plaintiff Leslie Grumhaus Davidson (Leslie) brought this action against defendant Comerica Securities, Inc. (Comerica) alleging negligence, breach of fiduciary duty and breach of contract arising from the sale of securities belonging to the plaintiffs. Following defendant's answer to the amended complaint plaintiffs filed a motion to strike defendant's fourth affirmative defense. Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that plaintiffs' claim is barred by the statute of limitations, 815 ILCS 5/13(D); that plaintiffs ratified the sales of the securities; and that they fail to show the existence of a valid contract. For the following reasons, defendant's motion is granted and plaintiffs' motion is denied as moot.

## BACKGROUND

Peter Grumhaus, Sr. died in 1996, leaving in his wake, apparently, a tangled skein of ruined family holdings and businesses. Two of his children thereafter brought suit in state and federal court, claiming that their father had looted their assets. The dispute here relates to the

sale in 1994 of over $1.3 million of Dean Foods Company (Dean) stockholdings – stock they had received from their grandparents – to help pay outstanding loans by defendant to certain of the family businesses or to Peter, Sr. and his wife. The litigation has been vigorously pursued and a great deal of effort has gone into it by both plaintiffs and the defendants, as each side seeks to salvage something from the wreckage. According to plaintiffs, they were betrayed by their father, who they trusted and upon whom they totally relied regarding all business matters. Peter, Sr. forged Andrew's name on several documents, and neither plaintiff authorized the sale of the stock. According to defendant, the plaintiffs were far more involved personally in the family businesses than they now assert they were, and they authorized and ratified the transactions of which they complain. There does appear agreement that the father was the dominant force in the various enterprises, that his children did look to him to manage their affairs, and that their attention to the family financial affairs was at best casual. We do not, however, reach the merits of the various claims because we think they were advanced too late.

Plaintiffs along, with their brother Peter Grumhaus, Jr., were employees and partners in a number of businesses owned and operated by Peter, Sr. They received wages and stock dividends from the various companies, including Dean, which was the most valuable asset held by the family. Plaintiffs allege that defendant violated the Illinois Securities Law, 815 ILCS 5/1 *et seq.* (ISL), by acting together with Peter, Sr. to create investment accounts for plaintiffs and then to sell their shares of Dean stock to cover various debts.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *see* Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). The court's function is merely to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

I.　Applicable Statute of Limitations

The ISL preempts all common law actions based on the sale of securities. Wilhelm v. A.G. Edwards & Sons, Inc., 2002 WL 1377568 (N.D. Ill. 2002). Plaintiffs cannot simply recast claims as common law tort claims to avoid preemption by the ISL. *Id.* Plaintiffs do not dispute that their claims allege violations of the Securities Act. Instead, they argue that the limitations period does not apply to them because they were sellers rather than purchasers of securities and therefore the common law limitations period of five years should apply. The ISL limitations statute provides:

> No action shall be brought for relief under this Section or upon or because of any of the matters for which relief is granted by the Section after 3 years from the date of sale; provided, that if the party bringing the action should have known of any alleged violation of subsection E, F, G, H, I, or J of Section 12 of this Act which is the basis for the action ....

815 ILCS 5/13(D).

The ISL allows any "party in interest," not just purchasers of securities, to bring a civil action to enjoin a violation of the Act. 815 ILCS 5/13(G)(1). While section 5/13(G)(1) provides solely for prospective relief, *see* Guy v. Duff & Phelps, Inc., 628 F. Supp. 252, 263 (N.D. Ill. 1985), it would allow *some* relief to the plaintiffs. The section 5/13(D) limitations period does not differentiate between cases involving prospective relief and retroactive relief, instead,

barring all claims based on "any of the matters for which relief is granted" by the ISL that are not filed within three years of notice. Also, plaintiffs clearly allege violations of 815 ILCS 5/12(E) – deceptive or fraudulent business practices – by the defendant. Section 5/13(D) explicitly states that suits alleging violations of section 5/12(E) are covered by the statute of limitations.

The purpose of this limitation encourages us to apply it to sellers of securities as well as purchasers. In determining that securities claims need to be brought within three years, the Illinois legislature recognized that three years is "an age in the stock market." Tregenza v. Lehman Bros., Inc., 678 N.E. 2d 14, 15 (Ill. App. 1st Dist. 1997). To hold otherwise would allow a plaintiff to sit back and watch the stock market before deciding whether or not to file a suit based on allegedly violative transactions.

II. Inquiry Notice

Because the ISL statute of limitations applies to plaintiffs' claims, we must determine when the three-year period started to run. The parties agree that, just as in federal securities actions, the limitations begins to run when the plaintiff has "inquiry notice" of the conduct giving rise to the claim. *See* Tregenza v. Great American Communications Co., 12 F.3d 717, 722 (7th Cir. 1993). This is an objective test: not whether plaintiffs actually knew of the conduct but whether they reasonably should have known. Law v. Medco Research, Inc., 113 F.3d 781, 786 (7th Cir. 1997) (applying federal, one-year limitations period).

Because this action was filed on March, 18, 1999, defendant must show that plaintiffs had inquiry notice of the stock sales prior to March 18, 1996 in order to prevail on a summary judgment motion on the issue of the statute of limitations. Plaintiffs claim that

they only learned of the sales in August 1996, after their father's death.

A. Leslie

Leslie admits that her signature is on the Comerica account application dated September 23, 1994. She also admits that, on the same day, she signed a document authorizing Comerica to sell 903 shares of her Dean stock. The address on the account application was 203 North Green Bay Road, Lake Forest, Illinois 60045 – the address of the Grumhaus family home. Leslie also used this Lake Forest address for her personal checking account, her tax returns for the relevant years, and for all of her dividend checks – essentially all of her financial matters. There is no indication that she established any other location as her legal residence. *See* Hatcher v. Anders, 453 N.E.2d 74, 77 (Ill. App. 2d Dist. 1983) (holding that a person has only one legal residence, which is retained until new one is acquired).

Defendant mailed monthly account statements to the Lake Forest address. These statements clearly indicated the sales of Leslie's Dean stock in October and November 1994. She is held accountable for the information contained in these statements, if they were sent to the correct address, even if she did not actually read them. Clark v. Robert W. Baird Co., Inc., 152 F. Supp. 2d 1040, 1045 (N.D. Ill. 2001). A reasonable person should have reviewed the information in these statements and learned about the stock sales well before March 18, 1996.

B. Andrew

Unlike Leslie, Andrew denies that he signed the account application on September 23, 1994 and claims that the signature that appears there is a forgery. For the purposes of this summary judgment motion, we treat Andrew's claim as true and act on the premise that the application did not give him notice that defendant would be mailing account statements to the

Lake Forest address. Like Leslie, however, Andrew did use the Lake Forest address for all of his personal financial matters – his checking account, dividend checks, tax returns, and the like.

Andrew also admits that he read one of the monthly statements sent to the Lake Forest address on or before December 8, 1994 which clearly showed that 10,000 shares of his Dean stock had been sold for over $288,000, a large share of his total holdings. He claims to have followed up on this statement by contacting Comerica and his father, but that he was comfortable enough with his father's explanation so as to disregard the statement. Andrew cannot now claim that he had no notice of the allegedly illegal transactions until August 1996. The statute of limitations began to run when Andrew had notice of suspicious activity so that a reasonable person would investigate, even if he was not aware of the full extent of the injury. *See* Clark, 152 F. Supp. 2d at 1045-46. The December 8, 1994 letter put Andrew on such notice.

Moreover, the tax returns of both plaintiffs indicate the sales of the Dean stock well before March 1996. The Dean stock was one of the plaintiffs' primary sources of income and the tax returns show that the income from their stock diminished greatly in 1994 and 1995. Even if the plaintiffs merely signed the returns without reading them, they are held accountable for the information that they contained. McComb v. Commissioner of Internal Revenue, 1994 WL 658865 (U.S. Tax. Ct. 1994). Reasonable people in the plaintiffs' situation should have known of any claim they might have shortly after the initial sales.

III. One-Refiling Rule

The Illinois Code of Civil Procedure allows a party one chance, within one year, to

refile an action which has been dismissed, even if that extends the statutory limitations period. 735 ILCS 5/13-217. This "one-refiling" rule allows for a second filing in either state court or federal court. Evans v. Lederle Laboratories, 167 F.3d 1106, 1111-12 (7th Cir. 1999).

Plaintiffs' initial state court complaint was filed on October 7, 1997, and dismissed with leave to amend on March 17, 1998. Plaintiffs subsequently filed an amended complaint that did not state any claims against Comerica as defendant. The state court entered a voluntary dismissal of the amended complaint on May 27, 1998. On November 23, 1998, plaintiffs filed an arbitration demand against defendant. They then filed a complaint in this court on March 8, 1999, to compel arbitration, which complaint was amended on July 7, 1999, to include these substantive claims against defendant.

The parties do not dispute that the initial complaint based on this matter was filed on October 7, 1997, within the three-year limitations period. While plaintiffs contend that the March 17, 1998, dismissal order did not dismiss plaintiffs' entire state court complaint, it did terminate the claims against Comerica. Plaintiffs had no claims pending against defendant when the second dismissal order was entered on May 27, 1998. The one-year period for plaintiffs to refile must therefore have started to run when the claims against defendant were dismissed on March 17, 1998. Plaintiffs' window under section 5/13-217 expired before the federal court complaint was filed on March 18, 1999.

The purposes of section 5/13-217 were served in this case. The one-refiling rule is a remedial rule, allowing a plaintiff to correct defects in a complaint in order to better put a defendant on notice of the claims against it. *See* Keilholz v. Chicago & N.W. Ry. Co., 295 N.E.2d 561 (Ill. App. 1st Dist. 1973), *reversed on other grounds*, Keilholz v. Chicago & N.W.

Ry. Co., 319 N.E.2d 46 (Ill. 1974). This purpose was served in allowing plaintiffs the opportunity to refile claims against defendant. In filing their second state court complaint, they chose not to do so. They then waited for more than a year before filing this complaint in federal court.

Finally, to the extent that section 5/13-217 allows plaintiffs a second bite at the apple, that purpose of the statute has also been served. Following the dismissal of plaintiffs' state law complaint against defendant and the subsequent dismissal of the entire complaint, plaintiffs filed an arbitration demand on November 13, 1998. Defendant argues that this demand serves as a refiling pursuant to section 5/13-217, while plaintiffs maintain that only complaints filed in state or federal courts are contemplated by the statute.[1] While this issue will not change the result here because plaintiffs' federal complaint was filed over one year after the dismissal, it does demonstrate that plaintiffs had a fair opportunity to have their claims against defendant litigated in the forum of their choice.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiffs' motion to strike is denied as moot.

JAMES B. MORAN
Senior Judge, U. S. District Court

June 27, 2003.

---

[1] Whether an arbitration demand counts as a refiling for the purposes of section 5/13-217 has never been explicitly decided by Illinois or federal courts applying Illinois law. The Illinois Supreme Court recognizes however that when refiling in a second venue, plaintiffs take the risk that their complaint will be dismissed and they will have used their right to a single refiling. See Timberlake v. Illini Hospital, 676 N.E.2d 634, 636 (Ill. 1997). Plaintiffs took the risk, when opting to file an arbitration demand, that they would not have a subsequent opportunity in federal or state court.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
Eastern Division

Andrew S Grumhaus et al.          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 99 C 1776

Comerica Securities, Inc. etc.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted.

Michael W. Dobbins, Clerk of Court

Date: 6/27/2003

Willie A. Haynes, Deputy Clerk