# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1776 | **DATE** | 9/15/2003 |
| **CASE TITLE** | Andrew S. Grumhaus et al. Vs. Comerica Securities, Inc. | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiffs' motion to alter or amend the order granting summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | SEP 1 6 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | 104 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 SEP 15 PM 3:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANDREW S. GRUMHAUS and LESLIE ) 
GRUMHAUS DAVIDSON, )
 )
Plaintiffs, )
 )
vs. )  No. 99 C 1776
 )
COMERICA SECURITIES, INC., as )
successor-in-interest to Comerica Financial )
Services, Inc., )
 )
Defendant. )

DOCKETED

SEP 1 6 2003

MEMORANDUM OPINION AND ORDER

Plaintiffs Andrew S. Grumhaus and Leslie Grumhaus Davidson brought this action

against defendant Comerica Securities, Inc. (Comerica) alleging negligence, breach of

fiduciary duty and breach of contract arising from the sale of certain securities. On June 27,

2003, we entered an order granting summary judgment in favor of the defendant on all counts,

holding that plaintiffs' claims were barred by the statute of limitations. Grumhaus v.

Comerica Securites Inc., 2003 WL 21504185 (N.D. Ill. 2003). Plaintiffs filed a motion to alter

or amend that judgment pursuant to Fed.R.Civ.P. 59(e), arguing that their claims were saved

by the Illinois "one-refiling rule," 735 ILCS 5/13-217. For the following reasons, plaintiffs'

motion is denied.

BACKGROUND

This litigation is the culmination of a long struggle over the fate of the Grumhaus

family fortune that began in 1996, when Peter Grumhaus, Sr. died, leaving a tangled mess of

finances. Two of his children, Andrew and Leslie, subsequently filed suit, alleging that their

*104*

father, along with Comerica and other business partners, had looted their assets. The central

event in the dispute is the 1994 sale of over $1.3 million worth of stockholdings in Dean Foods

Company.

On October 7, 1997, plaintiffs filed their initial complaint in state court against

Comerica and other defendants alleging conversion, unjust enrichment and constructive fraud,

and seeking a constructive trust. Comerica filed a motion to dismiss the claims against it

pursuant to 735 ILCS 5/2-615, which was granted on March 17, 1998, without prejudice and

with leave to amend. Plaintiffs never amended the claims against Comerica, choosing to

arbitrate the dispute instead. On May 27, 1998, plaintiffs asked for a voluntary dismissal of

the complaint, which was granted by the state court without objection by Comerica. On

November 23, 1998, plaintiffs filed an arbitration demand and, on March 18, 1999, filed a

complaint in this court seeking to compel arbitration. On July 7, 1999, they amended this

complaint to include substantive claims against Comerica.

In granting summary judgment for defendant as to the substantive claims, we held that

the applicable statute of limitations was three years, as provided by the Illinois Securities Law,

815 ILCS 5/13(D), and that plaintiffs had inquiry notice of the transactions at some point

before March 1996. We further held that the Illinois one-refiling rule did not save plaintiffs'

claims because their claims against Comerica were dismissed on March 17, 1997, and their

complaint was not filed in this court for more than one year after that date.

## DISCUSSION

The federal rules allow a party to file a motion to alter or amend within 10 days of the

entry of a judgment. Fed.R.Civ.P. 59(e). Such a motion allows a district court to correct

errors without spending the time or money to go through the appellate process. Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). A Rule 59(e) motion should be granted to correct manifest errors of law or if newly discovered evidence affects the earlier judgment. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995).

The Illinois one-refiling rule provides that, following certain dismissals, the party bringing an action has one opportunity to refile the action within one year, even if this one-year period extends the statute of limitations. 735 ILCS 5/13-217. Plaintiffs may refile in either state court or in an appropriate federal court. Evans v. Lederle Laboratories, 167 F.3d 1106, 1111-12 (7th Cir. 1999). The statute does not allow such refilings following a motion to dismiss pursuant to 735 ILCS 5/2-615, but does allow parties to refile following a voluntary dismissal under 735 ILCS 5/2-1009. The purpose of this statute is to allow a party bringing an action in good faith to avoid the loss of relief merely because his initial complaint was somehow procedurally defective. Hinkle v. Henderson, 85 F.3d 298, 302 (7th Cir. 1996).

Upon reconsideration, we find that the one-year period for refiling must have started to run when the state court granted plaintiffs' motion for voluntary dismissal on May 27, 1998. The one-refiling rule could not have been triggered by the granting of the section 5/2-615 motion to dismiss, as we originally held. *See* 735 ILCS 5/13-217. The granting of this motion did not terminate the case, nor did it affect plaintiffs' right to seek a voluntary dismissal. Heinz v. McHenry County, 122 Ill. App. 3d 895, 461 N.E.2d 672, 674 (2nd Dist. 1984). While at least one Illinois Appellate Court has held that a voluntary dismissal should not be granted unless there is a pending claim to dismiss, Smith v. Central Illinois Regional Airport, 335 Ill. App. 3d 1089, 782 N.E.2d 973, 975 (4th Dist. 2003), the state court in this case granted the

plaintiffs' motion and we are not now in a position to review that decision. Any objections by Comerica to that order should have been presented to the state court. Because that motion was granted, we must respect its legal effect and acknowledge that it triggered the one-year period.

As the name implies, the one-refiling rule allows plaintiffs one and only one refiling of an action within one year of a dismissal. Flesner v. Youngs Development Co., 145 Ill. 2d 252, 582 N.E. 2d 720 (Ill. 1991). If the arbitration demand filed by the plaintiffs on November 23, 1998, qualified as a refiling of the action, plaintiffs would have been barred from filing the subsequent action in this court. As we noted in the order granting summary judgment, no Illinois court has held that the filing of such a proceeding counts as the one opportunity to refile. *See* Lollis v. Chicago Transit Authority, 238 Ill. App. 3d 583, 606 N.E.2d 479 (1st Dist. 1992). We find no reason to do so now and therefore hold that the arbitration demand did not count as a refiling and the one-year period continued to run through May 27, 1999.

We next turn to whether the March 19, 1999, complaint (even if read together with the first amended complaint filed on May 11, 1999) constitutes a refiling of the state court action that was voluntarily dismissed. While the federal complaint is clearly based on the same underlying facts as the state court action, the relief sought by plaintiffs is different. Whereas the state court action contained substantive claims seeking damages and equitable relief, the initial complaint filed in this court sought only to compel arbitration. The substantive claims resembling those filed in the state court were not added until the second amended complaint was filed on July 7, 1999 – 14 months after the granting of the motion for voluntary dismissal.

Section 5/13-217 allows the refiling of an action only if the cause of action alleged in the second suit is *identical* to the cause of action that was nonsuited by the original court.

Butterman v. Steiner, 343 F.2d 519, 520 (7th Cir. 1965). Our decision here turns on how strictly that rule is applied. In Butterman (discussing the predecessor to § 5/13-217), the plaintiff filed an action alleging solely state law claims based on the sales of securities. *Id.* The subsequent action in federal court was based on alleged violations of the federal Securities Exchange Act of 1934. *Id.* The court held that, even though the actions arose out of the same transaction – the alleged sale of the plaintiff's stock – they were not identical causes of action. *Id.*

Likewise, in Hamilton v. Chrysler Corp., 281 Ill. App. 3d 284, 666 N.E.2d 758, 761-62 (1st Dist. 1996), the plaintiff filed suit alleging violations of the Motor Vehicle Franchise Act (MVFA). *Id.* at 760-61. Following a voluntary dismissal of that action plaintiff refiled, alleging "essentially the same violations of the MVFA." *Id.* at 761. The court determined that the actions were not identical because the plaintiff had filed Count I of the original action as a shareholder on behalf of the corporation, whereas the second action was filed individually. *Id.* at 762. *See also* Ladien v. Board of Trustees, University of Illinois, 1994 WL 395078, *4 (N.D. Ill. 1994) (holding that claims alleging violations of 42 U.S.C. §§ 1983, 1985, and 1988, by the defendants in their official capacities, stated different causes of action than claims alleging violations of the same sections by the same defendants in their individual capacities); Nicole v. City of Chicago, 1992 WL 13005, *2-3 (N.D. Ill. 1992) (holding that civil rights claims arising from the same event were different actions than claims alleging state law torts).

On the other hand, in Frankenthal v. Grand Trunk Western Railroad Co., 120 Ill. App. 3d 409, 458 N.E.2d 530, 537-38 (1st Dist. 1983), plaintiff was allowed to add a claim under the survival act when she refiled, even though that claim was not part of the original complaint. The court determined that the plaintiff would have been able to amend the original complaint

to add the claim had she not filed for voluntary dismissal, and that it would have been unfair

to punish her for simply taking advantage of the one-refiling rule (again, the predecessor to

section 5/13-217). *Id.* The court held that the purposes of the statute were met by giving

plaintiff an opportunity to correct a procedural defect, while giving defendants notice of the

events surrounding the claims. *Id. See also*, Gonzalez v. Thorek Hosp. and Medical Center,

143 Ill. 2d 28, 570 N.E.2d 309, 313 (Ill. 1991) (holding that even though the original complaint

did not sufficiently state a claim for malpractice, plaintiff could refile stating a malpractice

claim, because the original complaint was "clearly intended to allege medical malpractice").

State law controls, but the controlling state law is far from clear. We must puzzle out

what a state court would do as best we can. Applying these cases to the facts here, we conclude

that the complaint filed on March 18, 1999, and amended May 11, 1999, did not allege the

identical cause of action to that dismissed by the state court on May 27, 1998. It is not enough

that the two causes of action were based on the same set of underlying facts. Butterman, 343

F.2d at 520. Plaintiffs would need to prove entirely different elements in order to compel

arbitration than they would need to prove in order to prevail on their substantive claims. As

such, the causes of action are different. Frankenthal would only save the plaintiffs' claims if

they had refiled an identical action and then later sought to add the arbitration demand to its

claims, which was not the case here. 458 N.E.2d at 537-38. Instead, none of the substantive

claims that were dismissed by the state court was refiled until July 7, 1999.

Essentially, plaintiffs opted to change their initial strategy and pursue their claims

through arbitration rather than the courts. As we stated above, the purpose of § 5/13-217 was

to allow plaintiffs to correct a procedural defect in their claim by dismissing it and refiling it.

It was not intended to allow plaintiffs to make a strategic choice to pursue arbitration while keeping open the possibility of returning to the courts. Plaintiffs had a fair opportunity to refile the claim following the § 5/2-615 dismissal with leave to amend. When they chose not to do so, they took the risk that they would be unable to return to the courts in search of relief.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to alter or amend the order granting summary judgment is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 15, 2003.